IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00569-BNB

MARVIN OTHEL JENKINS,

Plaintiff,

v.

COLORADO BOARD OF ADULT PAROLE,
PAROLE OFFICER WENDY BEACH,
MERIDETH McGRATH, Supervisor,
JIM COOPER, Supervisor, and
D.O.C. DIVISION OF ADULT PAROLE,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 03 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Marvin Othel Jenkins, is currently incarcerated at the Denver County

Jail. Mr. Jenkins initiated this action by filing a *pro se* Prisoner Complaint on March 11,

2010, and Amended Prisoner Complaint on April 27, 2010, alleging that his

constitutional rights have been violated. He seeks injunctive relief and money

damages.

The Court must construe the Amended Complaint liberally because Mr. Jenkins

is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Jenkins will be ordered to file a Second Amended Complaint, name only

proper parties to the action, and assert personal participation by proper parties.

The Court has reviewed the Amended Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Jenkins is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jenkins fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Jenkins's claims are repetitive and unnecessarily verbose. Therefore, Mr. Jenkins will be directed to file a Second Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Jenkins is reminded that it is his responsibility to present his claims in a manageable format that allows the Court

and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Jenkins also may not sue the Colorado Board of Adult Parole or the D.O.C. Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Jenkins also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Jenkins must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159,

166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Jenkins, therefore, will be directed to file a Second Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Jenkins to state a claim in federal court, his Second Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Jenkins also should note that he may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Jenkins uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Jenkins file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jenkins, together

4

with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Jenkins, within the time allowed, fails to file a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the Amended Complaint and the action will be dismissed without further notice.

DATED May 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00569-BNB

Marvin Othel Jenkins
Prisoner No. 111924
17103 East Ohio Place
#201
Aurora, CO 80017


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/3/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk