IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00569-BNB

MARVIN OTHEL JENKINS,

    Plaintiff,

v.

PAROLE OFFICER WENDY BEACH, and
MERIDETH McGRATH, Supervisor,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE FINAL AMENDED COMPLAINT

Plaintiff, Marvin Othel Jenkins, is currently incarcerated at the Denver County Jail. Mr. Jenkins initiated this action by filing a pro se Prisoner Complaint on March 11, 2010, and Amended Prisoner Complaint on April 27, 2010, alleging that his constitutional rights have been violated. He seeks injunctive relief and money damages.

On May 3, 2010, Magistrate Judge Boyd N. Boland found that the Amended Complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and failed to allege the personal participation of all named defendants. Therefore, he ordered Mr. Jenkins to file a Second Amended Complaint. Mr. Jenkins filed a Second Amended Complaint on June 1, 2010, a Third Amended Complaint on June 3, 2010, and a supplement to the Third Amended Complaint on June 3, 2010.

The Court must construe the Third Amended Complaint liberally because Mr. Jenkins is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jenkins will be ordered to file a Final Amended Complaint.

Mr. Jenkins asserts three claims in the Third Amended Complaint. Although not entirely clear, it appears that Mr. Jenkins alleges that his parole officer, Defendant Wendy Beach, arrested him for a parole violation on October 2, 2009, solely based upon her dislike of Mr. Jenkins. Mr. Jenkins alleges that he has been incarcerated since October 2, 2009. However, it is not clear whether Mr. Jenkins has received a parole hearing, and is challenging the revocation of his parole, or whether he is challenging Defendants' failure to provide him with a parole hearing. In the Final Amended Complaint, Mr. Jenkins is directed to clarify those issues for the Court.

Further, the Court has reviewed the Third Amended Complaint and finds that it again does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Jenkins is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d3 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jenkins fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Jenkins' claims are repetitive and unnecessarily verbose. For instance, Mr. Jenkins purports to assert three separate claims, each asserting a violation of his due process right and the "abuse of authority" by Defendant Wendy Beach. However, instead of three separate claims, in reality, Mr. Jenkins has presented a long, rambling and confusing time-line of events. Moreover, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***Id.***

Therefore, Mr. Jenkins will be directed to file a Final Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Jenkins is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those

3

claims.

Mr. Jenkins also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Jenkins must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Supervisor Merideth McGrath, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Jenkins, therefore, will be directed to file a Final Amended Complaint that provides a short and plain statement of his claims, clarifies whether his parole has been revoked or whether he is waiting for a parole hearing, and demonstrates that each named Defendant personally participated in the asserted constitutional violation. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Jenkins file a Final Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jenkins, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Final Amended Complaint. It is

FURTHER ORDERED that if Mr. Jenkins, within the time allowed, fails to file a Final Amended Complaint that complies with this Order, to the Court's satisfaction, the Third Amended Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 25th day of June, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00569-BNB

Marvin Othel Jenkins
Prisoner No. 177352
Denver County Jail
P.O. Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/28/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk